PER CURIAM:
*979 Writ granted. Based on an anonymous tip that defendant was selling heroin, a detective approached defendant, immediately patted him down and advised him of his rights, and then asked him a series of questions, which ultimately lead to the seizure of the evidence defendant sought to suppress. The United States Supreme Court held in Florida v. J.L. , 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) that an anonymous tip lacking indicia of reliability does not justify a stop and frisk. In so holding, the United States Supreme Court found that the reasonable suspicion necessary to justify a stop and frisk pursuant to Terry v. Ohio , 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)"requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." J.L. , 529 U.S. at 272, 120 S.Ct. at 1379 ; see also State v. Robertson , 97-2960, pp. 5-6 (La. 10/20/98), 721 So.2d 1268, 1271 ("In the absence of any suspicious conduct or corroboration of information from which police could conclude that the anonymous informant's allegation of criminal activity was reliable, we must conclude that there was no reasonable suspicion to detain defendant.").
Here, although the detective sufficiently corroborated defendant's identity as the subject of the anonymous tip, there was no indicia at the time the detective patted defendant down that the anonymous tip was reliable in its assertion that defendant was selling heroin. Although defendant ultimately consented to the search that revealed the contraband, that consent was not sufficiently attenuated from the illegal stop and frisk to constitute an independent and intervening act of free will. Therefore, the district court erred in denying defendant's motion to suppress. See State v. Owen , 453 So.2d 1202, 1206 (La. 1984) ("[I]f the consent was obtained after an illegal detention or entry, the consent was valid only if it was the product of a free will and not the result of an exploitation of the previous illegality."); State v. Zielman , 384 So.2d 359, 363 (La. 1980) ("[C]onsent to search, even if voluntary, is valid when made after an illegal detention only when made under circumstances which show no exploitation of the illegality.") (citations omitted). Accordingly, we reverse the district court's ruling that denied defendant's motion to suppress, and remand for further proceedings consistent with the views expressed here.
REMANDED
GUIDRY, J., would deny.